UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSE ERNESTO MARTINEZ, <br> an individual, <br> 9511 Fontainebleau Blvd., Apartment 616 <br> Miami, FL. 33172 <br><br> Plaintiff, <br><br> vs. <br><br> JOHN W. RIDENOUR, III, <br> an individual, and <br> LT PROPCO LLC, <br> a Delaware Limited Liability Company, <br><br> Defendants. | CASE NO.: 1:09-cv-01257-GK |

## FIRST AMENDED COMPLAINT

Plaintiff, JOSE ERNESTO MARTINEZ, an individual, by and through his undersigned counsel, hereby files this First Amended Complaint and sues JOHN W. RIDENOUR, III, an individual, and LT PROPCO LLC, a Delaware Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to 42 U.S.C. § 12181 *et. seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), and damages pursuant to the District of Columbia Human Rights Act ("DCHRA"), DC Code § 2-1403.16 and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, JOSE ERNESTO MARTINEZ, (hereinafter referred to as "MR. MARTINEZ" or "PLAINTIFF"), is a resident of the State of Florida; however, he frequently travels to the District of Columbia.

4. Plaintiff, MR. MARTINEZ, is a qualified individual with a disability under the ADA. MR. MARTINEZ suffers from cerebral palsy, which causes him to be confined to a wheelchair. The condition also creates a spasticity in his arms and hands, which makes it extremely difficult for him to grip any objects.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, JOHN W. RIDENOUR, III, an individual, and LT PROPCO LLC, a Delaware Limited Liability Company (hereinafter referred to as "DEFENDANTS") are the owners, lessees, lessors and/or operators of the real property and improvements which is the subject of this action, to wit: "Lord & Taylor" or "the Property," located at 5255 Western Avenue, NW, Washington, DC 20015. DEFENDANTS are obligated to comply with the ADA and the DCHRA.

7. All events giving rise to this lawsuit occurred in the District of Columbia. DEFENDANTS are responsible for complying with the obligations of the ADA and the DCHRA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property is a public accommodation, subject to the ADA, located at 5255 Western Avenue, NW, Washington, DC 20015.

10. MR. MARTINEZ has visited the Property, located at 5255 Western Avenue, NW, Washington, DC 20015, and plans to visit the Property again in the future.

11. During these visits, MR. MARTINEZ experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

12. MR. MARTINEZ continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which still exist.

13. MR. MARTINEZ intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subject of this action.

14. DEFENDANTS are in violation of 42 U.S.C. § 12181 *et. seq.* and 28 C.F.R. § 36.302 *et. seq.* and are discriminating against PLAINTIFF due to, but not limited to, their failure to remedy, *inter alia,* the following violations:

   A. inaccessible routes, paths of travel and ramps throughout the Property due to excessive slopes, cross slopes, lack of level landings, in violation of ADAAG requirements;

   B. inaccessible parking in the parking garage at the Property due to lack of and inadequate access aisles and curb ramps at parking spaces designated for disabled use;

   C. inaccessible exterior entrance into some tenant stores due to stairs without a

          ramp preventing access;

   D.   inaccessible merchandise aisles at some tenant spaces due to merchandise placed too close together preventing a clear path of travel;

   E.   inaccessible door thresholds due to improper beveling; and

   F.   inaccessible counters throughout the property due to excessive heights.

15. The discriminatory violations described in paragraph 14 are not an exclusive list of DEFENDANTS' ADA violations. PLAINTIFF requires an inspection of the DEFENDANTS' place of public accommodation to photograph and measure all of the discriminatory barriers to access in violation of the ADA.

16. Furthermore, DEFENDANTS continue to discriminate against PLAINTIFF, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANTS offer to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

18. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on

DEFENDANTS.

19. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANTS offer to the general public.

20. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

    A. That this Court Declare that the Property owned, leased and/or operated by DEFENDANTS is in violation of the ADA;

    B. That this Court enter an Order directing DEFENDANTS to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures.

  D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

  E. That this Court award such other and further relief as it deems necessary, just and proper.

### COUNT II - VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT ("DCHRA")

22. PLAINTIFF realleges and reavers paragraphs 1 - 21 as if they were expressly restated herein.

23. PLAINTIFF is disabled within the meaning of the DCHRA, D.C. Code § 2-1401.02(5A) because he has a physical impairment that substantially limits one or more major life activities.

24. The Property, located at 5255 Western Avenue, NW, Washington, DC 20015, qualifies as a place of public accommodation, under the DCHRA, D.C. Code § 2-1401.02(24).

25. DEFENDANTS are in violation of DCHRA, DC Code § 2-1401.31 by failing to remove the barriers to access at its Property, thereby denying PLAINTIFF the full and equal enjoyment of its goods, services, and facilities.

26. PLAINTIFF has a private right of action, pursuant to DCHRA, DC Code § 2-1403.16, for damages, attorney's fees and costs, and injunctive relief for removal of barriers to access which are readily achievable.

  WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and requests the following relief:

  A. That this Court Declare that the Property owned, leased and/or operated by DEFENDANTS is in violation of the DCHRA, DC Code

    § 2-1401.31;

 B. That this Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures.

 C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF pursuant to DCHRA, DC Code §§ 2-1403.13(a)(1) and 2-1403.16(b);

 D. That this Court award damages to Plaintiff for violation of his civil rights; and

 E. That this Court award such other and further relief as it deems necessary, just and proper.

WHEREFORE, PLAINTIFF respectfully requests that this Court award damages, attorneys' fees, costs, and expenses incurred in prosecuting this action.

          Respectfully Submitted,

          KU & MUSSMAN, P.A.
          Attorneys for Plaintiff
          11098 Biscayne Blvd., Suite 301
          Miami, FL 33161
          Tel: (305) 891-1322
          Fax: (305) 891-4512

          By: /s/ Carroll Hauptle
          KU & MUSSMAN, P.A.
          Attorney for Plaintiff
          Carroll Hauptle, Esq.
          Of Counsel

The Law Offices of Carroll Hauptle, PC<br>
8615 Camden Street<br>
Alexandria VA 22308<br>
Tel: (571) 331-8778<br>
Fax: (703) 799-7758<br>
chauptle@verizon.net<br>
Bar ID No.: 414212

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August, 2009 a true and correct copy of the foregoing has been furnished by U.S. Mail to: Robert L. Gorham, Esq., Holland & Knight, 2099 Pennsylvania Avenue, N.W., Suite 100, Washington, DC 20006.

By: /s/ Carroll Hauptle
     Carroll Hauptle, Esq.